# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SMARTPHONE TECHNOLOGIES, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> ZTE CORPORATION, et al., § <br> § <br> *Defendant*. § | CASE NO. 6:12-CV-350-LED-JDL <br><br> PATENT CASE |

## MEMORANDUM OPINION AND ORDER

This claim construction opinion construes the disputed claim terms in U.S. Patent No. 6,760,728 ("the '728 patent"). Plaintiff SmartPhone Technologies, LLC ("SmartPhone") alleges that Defendants[1] infringe the '728 patent.[2] The parties have presented their claim construction positions (Doc. Nos. 99, 104 & 110). On November 15, 2013, the Court held a claim construction hearing and later issued a provisional claim construction order (Doc. No. 120). For the reasons stated herein, the Court adopts the constructions set forth below.

## OVERVIEW OF THE PATENTS

The patent-in-suit is directed to "[a] method and system for importing and exporting selected directory and calendar information of a first format found in various electronic media to and from personal information management computer applications of a second format" ('728 patent, ABSTRACT) and was previously construed by the Court in *SmartPhone Technologies LLC v. HTC Corp.*, Case No. 6:10-cv-580. SmartPhone asserts a single independent claim in this action. Independent Claim 22, set forth below, contains the terms in dispute:

---

[1] Defendants include ZTE Corporation; ZTE (USA), Inc., and ZTE Solutions Inc.
[2] SmartPhone additionally alleges infringement of U.S. Patent Nos. 7,664,485 ("the '485 patent), 6,173,316 ("the '316 patent), 7,076,275 ("the '275 patent"); and U.S. Reissue Patent No. 40,459 ("the '459 patent").

> 22. A computer system comprising a processor, a memory unit, and a display screen wherein said memory contains instructions that when executed implement a method of importing selected information into a first application comprising the steps of:
> a) capturing within a displayed screen of a second application a block of information that includes said selected information of a first format that is standardized;
> b) transferring said block of information to a support application resident on said electronic device that is an operating system tool available to a variety of applications, and capable of providing interface between said variety of applications;
> c) **automatically** translating said selected information from said first format into a second format that is native to said first application; and
> d) **automatically** storing said translated information of said second format as a record in a database of said first application.

'728 patent at 3:58-14:10.

## CLAIM CONSTRUCTION PRINCIPLES

"It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1115 (Fed. Cir. 2004)). The Court examines a patent's intrinsic evidence to define the patented invention's scope. *Id.* at 1313-1314; *Bell Atl. Network Servs., Inc. v. Covad Commc'ns Group, Inc.*, 262 F.3d 1258, 1267 (Fed. Cir. 2001). Intrinsic evidence includes the claims, the rest of the specification and the prosecution history. *Phillips*, 415 F.3d at 1312-13; *Bell Atl. Network Servs.*, 262 F.3d at 1267. The Court gives claim terms their ordinary and customary meaning as understood by one of ordinary skill in the art at the time of the invention. *Phillips*, 415 F.3d at 1312-13; *Alloc, Inc. v. Int'l Trade Comm'n*, 342 F.3d 1361, 1368 (Fed. Cir. 2003). Claim language guides the Court's construction of claim terms. *Phillips*, 415 F.3d at 1314. "[T]he context in which a term is used in the asserted claim can be highly instructive." *Id.* Other claims, asserted and unasserted, can provide additional

instruction because "terms are normally used consistently throughout the patent." *Id.* Differences among claims, such as additional limitations in dependent claims, can provide further guidance. *Id.*

"[C]laims 'must be read in view of the specification, of which they are a part.'" *Id.* (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995)). "[T]he specification 'is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term.'" *Id.* (quoting *Vitronics Corp.v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)); *Teleflex. Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1325 (Fed. Cir. 2002). In the specification, a patentee may define his own terms, give a claim term a different meaning than it would otherwise possess, or disclaim or disavow some claim scope. *Phillips*, 415 F.3d at 1316. Although the Court generally presumes terms possess their ordinary meaning, this presumption can be overcome by statements of clear disclaimer. *See SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1343-44 (Fed. Cir. 2001). This presumption does not arise when the patentee acts as his own lexicographer. *See Irdeto Access, Inc. v. EchoStar Satellite Corp.*, 383 F.3d 1295, 1301 (Fed. Cir. 2004).

The specification may also resolve ambiguous claim terms "where the ordinary and accustomed meaning of the words used in the claims lack sufficient clarity to permit the scope of the claim to be ascertained from the words alone." *Teleflex, Inc.*, 299 F.3d at 1325. For example, "[a] claim interpretation that excludes a preferred embodiment from the scope of the claim 'is rarely, if ever, correct." *Globetrotter Software, Inc. v. Elam Computer Group Inc.*, 362 F.3d 1367, 1381 (Fed. Cir. 2004) (quoting *Vitronics Corp.*, 90 F.3d at 1583). But, "[a]lthough the specification may aid the court in interpreting the meaning of disputed language in the claims, particular embodiments and examples appearing in the specification will not generally be

read into the claims." *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1571 (Fed. Cir. 1988); *see also Phillips*, 415 F.3d at 1323.

The prosecution history is another tool to supply the proper context for claim construction because a patentee may define a term during prosecution of the patent. *Home Diagnostics Inc. v. LifeScan, Inc.*, 381 F.3d 1352, 1356 (Fed. Cir. 2004) ("As in the case of the specification, a patent applicant may define a term in prosecuting a patent."). The well-established doctrine of prosecution disclaimer "preclud[es] patentees from recapturing through claim interpretation specific meanings disclaimed during prosecution." *Omega Eng'g Inc. v. Raytek Corp.*, 334 F.3d 1314, 1323 (Fed. Cir. 2003). The prosecution history must show that the patentee clearly and unambiguously disclaimed or disavowed the proposed interpretation during prosecution to obtain claim allowance. *Middleton Inc. v. 3M Co.*, 311 F.3d 1384, 1388 (Fed. Cir. 2002); *see also Springs Window Fashions LP v. Novo Indus., L.P.*, 323 F.3d 989, 994 (Fed. Cir. 2003) ("The disclaimer . . . must be effected with 'reasonable clarity and deliberateness.'") (citations omitted)). "Indeed, by distinguishing the claimed invention over the prior art, an applicant is indicating what the claims do not cover." *Spectrum Int'l v. Sterilite Corp.*, 164 F.3d 1372, 1378-79 (Fed. Cir. 1988) (quotation omitted). "As a basic principle of claim interpretation, prosecution disclaimer promotes the public notice function of the intrinsic evidence and protects the public's reliance on definitive statements made during prosecution." *Omega Eng'g, Inc.*, 334 F.3d at 1324.

Although, "less significant than the intrinsic record in determining the legally operative meaning of claim language," the Court may rely on extrinsic evidence to "shed useful light on the relevant art." *Phillips*, 415 F.3d at 1317 (quotation omitted). Technical dictionaries and treatises may help the Court understand the underlying technology and the manner in which one skilled in the art might use claim terms, but such sources may also provide overly broad

4

definitions or may not be indicative of how terms are used in the patent. *Id.* at 1318. Similarly, expert testimony may aid the Court in determining the particular meaning of a term in the pertinent field, but "conclusory, unsupported assertions by experts as to the definition of a claim term are not useful." *Id.* Generally, extrinsic evidence is "less reliable than the patent and its prosecution history in determining how to read claim terms." *Id.*

## DISCUSSION

### I. "automatically"

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| Plain and ordinary meaning, no construction necessary. However, such a construction is specifically limited to what is expressly disclosed in steps c and d of Claim 22. In other words, the translating and storing steps are performed "without user intervention," but such a construction is not exclusive of any user interaction related to the performance of such steps. | "without user discretion or intervention" limited to steps (c) and (d) |

The Court previously construed "automatically" to mean "without user intervention." Case No. 6:10cv580, *SmartPhone Technologies LLC v. HTC Corp*, Doc. No. 374 at 21. ("SmartPhone-HTC Markman Opinion"). The Court specifically limited this construction "to what is expressly disclosed in steps c and d of Claim 22." *Id.*

The parties agree with the Court's prior construction that the word "automatically" means "without user intervention." PL.'S BR. at 7; RESP. at 4. The dispute is whether claim 22 allows the possibility of "user interaction" related to the performance of steps c and d. PL.'S BR. at 7. SmartPhone contends that such user actions do not conflict with the automatic performance of steps c and d, and therefore, are not excluded from the scope of the claim. *Id.* For instance, SmartPhone contends that a user-initiated confirmation step prior to steps c and d is permissible.

5

*Id.* Defendants argue that this interpretation misapplies the law regarding the transitional phrase "comprising" and negates the claimed requirement of "automatically" expressly required by steps c and d. RESP. at 4-5.

This issue is similar to that raised during the Court's prior claim construction hearing. *See* SmartPhone-HTC Markman Opinion at 21. In its construction, the Court considered the computer system of claim 22 and the "importing" method implemented by it *as a whole* when it clarified that the "without user intervention" construction "is not exclusive of any user interaction related to the performance of such steps." *Id.* at 22. The key to that construction is that these are add-on steps to the *overall* importing method set forth in claim 22, and not to individual steps c and d which are specified to occur "automatically."

To include a "confirmation step" to initiate the automatic translation and storage steps as SmartPhone proposes would be antithetical in logic and to the '728 patent specification in steps that are expressly specified to be conducted "automatically." The use of the word "automatically" in steps c and d, but not steps a and b of claim 22 signifies something beyond the mere fact that a computer system carries out the claimed method steps. *See Phillips*, 415 F.3d at 1314 ("Differences among claims can also be a useful guide in understanding the meaning of particular claim terms.") SmartPhone fails to cite any support in the specification indicating that the automatically translating and automatically storing steps are in any way conditioned on user confirmation. Put simply, to include a user verification step would negate the "automatic" limitation of the claim as it pertains to steps c and d. *Dippin' Dots v. Mosey*, 476 F.3d 1337, 1343 (Fed. Cir. 2007) (holding the use of the word "comprising" does not abrogate claim limitations).

Accordingly, the Court construes "automatically" to mean "without user intervention" and finds that this construction does not require qualification.

## II.     Order of the Steps/Elements

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| No imposition of order required | "The claimed order is required for each 'block of information'" |

The Court's previous construction found that "the steps disclosed in Claim 22 are not required to be executed in the order they are written, i.e., a, b, c, then d." *See* SmartPhone-HTC Markman Opinion at 28. Nevertheless, the parties dispute whether the four lettered elements of claim 22 must be performed in the order written. SmartPhone asserts that the steps need not be performed in the order recited, especially given that there is no disclaimer dictating the order of steps in the specification. *See* Pl.'s Br. at 10. Defendants propose that the method steps recited in claim 22 should be performed in the order recited because logic dictates as such and the alternative could lead to "absurd and incoherent results." RESP. at 12-13. For example, "storage prior to translation, translation prior to capturing a block of information." *Id.* at 12. Defendants further point out that the specification of the '728 patent always describes the importation embodiment in the claimed order and therefore taking the steps out of order could result in a lack of written description. *Id., see generally* '728 patent.

During the hearing, Plaintiff's counsel agreed that step a) has to be performed first and that step c is initiated before step d. Markman Transcript at 32: 5-11, 19-22. The question, therefore, is whether step b must occur before step c. If step c were to occur before step b, the order would be capture, translate, transfer, and then store. As claimed, however, the captured block of information in step a includes the selected information of a *first* format. '728 patent at 13:63-65. The translating step c converts the selected information from the first format to a *second* format. *Id.* at 13:66-67-14:1-3. Thus, the block of information as captured in the first format would no longer exist to be transferred as step b requires if the translating step came after the capturing step. Therefore, step b must occur before step c. Plaintiff's counsel agreed

7

that "step a is initiated before step b, which is initiated before step c, which is initiated before step d." *Id.* at 39:17-20. The "block of information" proposed by Defendants presents potential for confusion because the only reference to "said block of information" is in the transferring step b. '728 patent at 13:66-68. Thus, Plaintiff's counsel suggested "a construction along the lines of elements a through d are initiated in the order recited." Markman Transcript at 40: 14-15. The Court agrees and finds that the "claimed order is required for each element and initiated in the order recited" as to the steps disclosed in Claim 22.

## CONCLUSION

For the foregoing reasons, the Court adopts the constructions set forth above.

**So ORDERED and SIGNED this 22nd day of April, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE